# In the United States Court of Federal Claims

No. 20-399

(Filed: 19 March 2021)

NOT FOR PUBLICATION

```
*****************************************
WILLIE MACK YOUNG,                        *
                                          *
              Plaintiff,                  *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
              Defendant.                  *
                                          *
*****************************************
```

*Willie Mack Young*, Albion, PA, *pro se*.

*Robert R. Kiepura*, Trial Attorney, with whom were *Jeffrey Bossert Clark*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Steven J. Gillingham*, Assistant Chief, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C., for defendant.

## OPINION AND ORDER

**HOLTE**, **Judge**.

*Pro se* plaintiff Willie Mack Young filed an amended complaint alleging unjust conviction and imprisonment and violation of several constitutional provisions. *See* Aff. – Req. to File an Am. Compl., ECF No. 13 ("Am. Compl."). The government moved to dismiss Mr. Young's claims pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss for Lack of Subject-Matter Jurisdiction, ECF No. 14 ("Gov't MTD"). For the following reasons, the Court **GRANTS** the government's motion to dismiss.

## I.  Procedural and Factual History

On 26 March 2020, Mr. Young commenced the present action. *See* Compl., ECF No. 1. The government filed a motion to dismiss on 24 June 2020. *See* Def.'s Mot. to Dismiss for Lack of Subject-Matter Jurisdiction, ECF No. 11. On 13 July 2020, the Court accepted a document filed by Mr. Young and titled "Affidavit – Request to File an Amended Complaint" as an amended complaint. *See* Order, ECF No. 12; Am. Compl. The government filed a motion to dismiss the amended complaint on 21 July 2020. *See* Gov't MTD. Mr. Young failed to respond to the government's motion to dismiss, and on 8 September 2020 the Court issued an order

directing Mr. Young to respond to the government's motion to dismiss on or before 6 October 2020 or risk dismissal of the amended complaint for failure to prosecute. *See* Order, ECF No. 15. On 30 October 2020, the Court accepted a document filed by Mr. Young on 19 October 2020 and titled "Affidavit Amended Complaint in Opposition to Defendants [sic] Motion to Dismiss" as a response to the government's motion to dismiss. *See* Order, ECF No. 16; Aff. Am. Compl. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 17 ("Pl.'s Resp."). The government filed a reply in support of its motion to dismiss on 12 November 2020. *See* Def.'s Reply in Supp. of its Mot. to Dismiss for Lack of Subject-Matter Jurisdiction, ECF No. 18 ("Gov't Reply").

Mr. Young's amended complaint lists the following defendants he claims "acted under color of state law . . . [and are] sued in [their] individual capacity": "Michael Clark, Superintendent Albion SCI," "Dennis E. Reinaker, President Judge," "Richard Simms, District Justice," "Richard Gray, Mayor," "Louise Williams, City Council President," "Daniel Kaye, Lancaster County Assistant District Attorney," "Todd Grager, Lancaster City Police Officer," and "Les Neri, Fraternal Order of Police President State Police." Am. Compl. ¶ 4. Mr. Young further alleges "fraud on the court," stating "Daniel Kaye was never my attorney," *id.* ¶ 17, and a violation of Federal Rules of Evidence ("FRE") Rule 609, *id.* ¶ 20. Mr. Young also asserts a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794, *id.* ¶¶ 21–24, challenges under the Eighth Amendment and due process, *id.* ¶ 25, and claims under the Americans with Disabilities Act ("ADA"), *id.* ¶¶ 19, 21–24. Mr. Young additionally challenges the denial of his habeas corpus petition as affirmed by the Third Circuit. *Id.* ¶¶ 10–16, 25–28. *See generally Young v. Gilmore*, No. CV 16-6406, 2017 WL 5483787 (E.D. Pa. Nov. 14, 2017) (*aff'd sub nom. Young v. Superintendent Albion SCI*, No. CV 17-3758, 2018 WL 3064290 (3d Cir. Mar. 22, 2018)).

## II. Applicable Law

### A. RCFC 12(b)(1) – Lack of Subject-Matter Jurisdiction

Plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Trusted Integration*, 659 F.3d at 1163) (internal quotation marks omitted). The Court, however, is "not required to accept the asserted legal conclusions." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway in pleadings than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (noting *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). The Court further recognizes "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). The Court accordingly may excuse certain ambiguities in a *pro se* plaintiff's complaint, but "does not excuse its failures, if such there be." *See Henke v. United*

*States*, 60 F.3d 795, 799 (Fed. Cir. 1995).  In addition, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  The *pro se* plaintiff—like any other plaintiff—must establish the Court's jurisdiction to consider a claim.  *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010).

## III. Discussion

### A. Parties' Arguments

Mr. Young's amended complaint challenges the denial of his habeas corpus petition and makes various allegations against state and local government officials.  *See* Am. Compl.  He argues this Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331–33, 1343(a)(3), and 1367 in his amended complaint.  *See id*. ¶¶ 5–7.

The government argues this Court, as a court of limited jurisdiction, lacks jurisdiction over any of Mr. Young's claims.  Gov't MTD at 1, 4.  The government argues in the alternative Mr. Young has recently filed a substantively identical amended complaint "in a case pending in the [Eastern District of Pennsylvania]" and the Court does not have "jurisdiction to entertain any claim a plaintiff 'has pending in any other court . . . against the United States.'"  *Id.* (quoting 28 U.S.C. § 1500).  On Mr. Young's criminal convictions, the government argues the Court "does not possess the power to review and to overturn convictions."  *Id.* at 5 (citing *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002)).  The government notes instead this Court "may hear a claim for money damages related to unjust imprisonment . . . only after a court has reversed a plaintiff's conviction on the grounds of innocence or if the President of the United States has pardoned the plaintiff."  *Id.* (citing *Brown v. Unites States*, 42 Fed. Cl. 139, 141–142 (1998); *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987)).  The government additionally argues none of the statutes listed in Mr. Young's amended complaint confer jurisdiction on the Court.  *Id*. at 6.  Lastly, the government notes the Court does not have jurisdiction over claims asserted against individual defendants.  *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

Mr. Young does not cite any money-mandating statutes in his response.  *See* Pl.'s Resp.  Mr. Young's response makes additional allegations against individual defendants, *see, e.g. id.* at 4–5 ("[M]y bail was . . . revoked by an unauthorized person (Richard Simms)"), 9 (referring to Louise Williams and Rick Gray and alleging "Lancaster Municipality . . . had never formally adopted state regulations, procedures contained in the state criminal code, which officers must follow, to have procedures in place when (police) make arrests."), cites to Federal Rule of Civil Procedure ("FRCP") 60(b)(4), *id.* at 2, 7–9, and invokes the Fifth, Sixth, and Fourteenth Amendments, *id.* at 5–6, and 42 U.S.C. § 1983, *id.* at 3, 10.

In its reply, the government argues the Court does not have jurisdiction to grant relief from a judgment by a court of the Commonwealth of Pennsylvania or by the United States Court of Appeals for the Third Circuit.  Gov't Reply at 1.

### B. Analysis

The ability of the Court of Federal Claims to entertain suits against the United States is limited, and the waiver of immunity "may not be inferred, but must be 'unequivocally expressed.'" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act . . . is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

### 1. Statutory Jurisdiction

Mr. Young argues this Court has jurisdiction under 28 U.S.C. §§ 1331–33, 1343(a)(3), and 1367. Am. Compl. ¶¶ 5–7. The Court of Federal Claims does not have jurisdiction under any of these statutes, as Congress has granted the district courts exclusive jurisdiction over each of them. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions . . . ."), 1332 ("The district courts shall have original jurisdiction of all civil actions . . . ."), 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States . . . ."), 1343 ("The district courts shall have original jurisdiction of any civil action . . . ."), and 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). "The Court of Federal Claims is not a district court of the United States . . . ." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming this Court's dismissal for lack of jurisdiction of a claim brought under a statute granting exclusive jurisdiction to the district courts). The Court therefore cannot exercise jurisdiction under these statutes. *See id.*; *see also United States v. King*, 395 U.S. 1, 2–3 (1969) (finding the jurisdiction of this Court's predecessor is "limited to actions asking for money judgments").

### 2. Claims Against Individual Defendants

Mr. Young lists several individuals as defendants. Am. Compl. ¶ 4. The Court of Federal Claims does not have jurisdiction over claims against individual defendants. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (stating this Court's predecessor "is without jurisdiction of any suit brought against private parties"). The Court therefore cannot exercise jurisdiction over these claims. *See id.*; *see also King*, 395 U.S. at 2–3.

### 3. Habeas Corpus Petition Claim

Mr. Young challenges the denial of his habeas corpus petition by the United States District Court for the Eastern District of Pennsylvania. Am. Compl. ¶¶ 10–16, 26–28 ("The state court's affirmance of affiant [sic] conviction was an unreasonable application of *Jackson v. Virginia*."). "[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . ." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Additionally,

the Court of Federal Claims does not have "jurisdiction to review convictions in criminal cases." *Harris v. United States*, 868 F.3d 1376, 1381 (Fed. Cir. 2017) (citing *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001)). The Court therefore cannot exercise jurisdiction over this claim. *See id.*; *Joshua*, 17 F.3d at 380; *see also King*, 395 U.S. at 2–3.

### 4. Federal Rules Claims

Mr. Young alleges violations of FRE Rule 609 and FRCP 60(b)(4). Am. Compl. ¶ 20 (citing the legislative history of Rule 609), Pl.'s Resp. at 2 ("No time limit on Rule 60(b)(4) attack on a judgment as void for lack of jurisdiction" (citing *Briley v. Hidalgo*, 981 F.2d 246, 249 (5th Cir. 1993))), 7–9. The FRE "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Therefore, the FRE "do not create an enforceable right for money damages against the United States," and the Court of Federal Claims does not have jurisdiction over a claim of a violation of the FRE. *Pikulin v. United States*, 97 Fed. Cl. 71, 76–77 (2011); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997) ("[R]ules of procedure 'shall not abridge, enlarge or modify any substantive right' . . . .") (quoting 28 U.S.C. § 2072(b)). Similarly, the FRCP "do not extend or limit the jurisdiction of the district courts." FRCP 82. The Court of Federal Claims does not have jurisdiction over a claim of a violation of the FRCP. *See Amchem Products*, 521 U.S. at 613. The Court therefore cannot exercise jurisdiction over these claims. *See id.*, *Pikulin*, 97 Fed. Cl. at 76–77; *see also King*, 395 U.S. at 2–3.

### 5. Rehabilitation Act Claim

Mr. Young asserts a claim under the Rehabilitation Act of 1973. Am. Compl. ¶¶ 21–24 ("The Rehabilitation Act prevents discrimination 'solely by reason of' disability." (quoting 29 U.S.C. § 794)). The Court of Federal Claims does not have jurisdiction over claims under the Rehabilitation Act as "jurisdiction for such claims lies exclusively with the district courts." *Bobka v. United States*, 133 Fed. Cl. 405, 412 (2017) (citing *Searles v. United States*, 88 Fed.Cl. 801, 805 (2009)). The Court therefore cannot exercise jurisdiction over this claim. *See id.*; *see also King*, 395 U.S. at 2–3.

### 6. Civil Rights Claims

Mr. Young invokes 42 U.S.C. § 1983 and the Fifth, Sixth, Eighth, and Fourteenth Amendments. *See* Pl.'s Resp. at 3 (citing *James v. Richman*, 547 F.3d 214 (3d Cir. 2008) for the proposition "[f]ederal courts should not abstain from § 1983 actions where state policy has created a de facto exhaustion requirement, because state remedies need not be exhausted as prerequisite to § 1983 action in federal court"), 5–6 (claiming Richard Simms "den[ied] plaintiff the right to the (5th) Fifth Amendment, due process and due process (substantive), and denied and violated plaintiff of his right to the (14th) Amendment to the United States Constitution, the right to equal protection of the law. And denied and violated plaintiff's right to the Six [sic] (6) Amendment, the right to the accused of a fair trial."), 10 (citing *Tarver v. City of Edna*, 410 F.3d 735 (5th Cir. 2005) for the proposition "Psychological injuries can serve as a basis for § 1983 liability"); Am. Compl. ¶ 25 ("The successive petition requirements do not apply to plaintiff's 8th Amendment and due process of law challenges"). The Court of Federal Claims does not have jurisdiction over civil rights claims, whether brought under 42 U.S.C. § 1983 or any of the

constitutional amendments. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment . . . ."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The "complaint included counts alleging violation of [plaintiff's] rights under the Due Process Clauses of the Fifth and Fourteenth Amendments . . . None of these is a sufficient basis for jurisdiction . . . ."); *Milas v. United States*, 42 Fed. Cl. 704, 710, *aff'd*, 217 F.3d 854 (Fed. Cir. 1999) (the "Sixth Amendment[] [is] not money mandating and, consequently, cannot combine with the Tucker Act to provide the [Court of Federal Claims] jurisdiction."); *Ealy v. United States*, 120 Fed. Cl. 801, 805 (2015) ("[T]he Court lacks jurisdiction to reach [plaintiff's] claims that his civil rights under the Fourth Amendment, the Fifth Amendment Due Process Clause, the Fourteenth Amendment or Federal Civil rights laws were violated."); *Schweitzer v. United States*, 82 Fed. Cl. 592, 595–96 (2008) (The Court of Federal Claims "does not have jurisdiction over the plaintiffs' civil rights claims brought under 42 U.S.C. §§ [sic] 1983, 1985 or 1986 (2000), because it is well-settled that jurisdiction over such claims lies exclusively in the district courts."). The Court therefore cannot exercise jurisdiction over these claims. *See Trafny*, 503 F.3d at 1340, *LeBlanc*, 50 F.3d at 1028, *Milas*, 42 Fed. Cl. at 710, *Ealy*, 120 Fed. Cl. at 805, *Schweitzer*, 82 Fed. Cl. at 595–96; *see also King*, 395 U.S. at 2–3.

### 7. ADA Claims

Lastly, Mr. Young asserts claims under the ADA. Am. Compl. ¶¶ 19 ("Plaintiff is regarded as disabled within the meaning of the Americans with Disabilities Act"), 21–24 ("So the ADA can't provide a worse outcome than the Rehabilitation Act, but it might in theory provide a better one."). The Court of Federal Claims lacks jurisdiction over claims brought under the Americans with Disabilities Act. *Pierce v. United States*, 117 Fed. Cl. 798, 801 (2014), *aff'd*, 590 Fed. App'x 1000 (Fed. Cir. 2015) (The Court of Federal Claims "lacks subject matter jurisdiction over an ADA claim."). The Court therefore cannot exercise jurisdiction over these claims. *See id.*; *see also King*, 395 U.S. at 2–3.

### C. Summary

This Court thus lacks jurisdiction over all of Mr. Young's claims. While Mr. Young's complaint is subject to "less stringent standards" as a *pro se* plaintiff, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court was unable to find a valid basis for jurisdiction after generously construing Mr. Young's complaint. To the extent not discussed specifically herein, Mr. Young's other claims are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court.

## IV. Conclusion

The Court has considered all of Mr. Young's arguments. The Court of Federal Claims lacks subject-matter jurisdiction to consider Mr. Young's challenge to the denial of his habeas corpus petition and his various other claims. Because the Court finds it lacks subject-matter jurisdiction, it does not reach the Government's argument regarding 28 U.S.C. § 1500. Accordingly, the Court hereby **GRANTS** the government's motion to dismiss pursuant to RCFC 12(b)(1). The Clerk is directed to **DISMISS** the case.

**IT IS SO ORDERED.**

                                                        s/ Ryan T. Holte
                                                        RYAN T. HOLTE
                                                        Judge